B-04-153

United States District Court
Southern District of Texas
FILED

FORM FOR MOTIONS UNDER 28 U.S.C. §2255

AUG 3 0 2004

Michael N. Milby
Clerk of Court

98cr415

__Johnie Wise_____
**Name**

__82281-079_____
**Prison Number**

__FCI - Texarkana, Texas  75505_____
**Place of Confinement**

United States District Court __Southern_____  District of __Texas_____

Case No. _____ (to be supplied by Clerk of Court)

United States,

v.

__Johnie Wise_____
(full name of movant)

(If movant has a sentence to be served in the _future_ under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This motion must be legibly handwritten or typewritten, signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the _facts_ which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they shoud be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type you may request permission to proceed _in forma pauperis_, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed _in forma pauperis_, you must have an authorized officer at the penal institution complete the certificate as to

the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the __original__ __and__ __two__ __copies__ must be mailed to the Clerk of the United States District Court whose address is   600 E. Harrison, Room 1158, Brownsville, Texas   78520.

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court, Brownsville, Texas

2. Date of judgment of conviction  February 5, 1999

3. Length of sentence    292 Months          Sentencing Judge  Hilda Tagle

4. Nature of offense or offenses for which you were convicted
    Terroristic Threat and Sentenced for "Federal crime of terrorism
    18 USC 2332a(a)(2) and (c)(2)(C)
    "Federal crime of terrorism"  18 USC 2332b(g)(5) and USSG 3A1.4(a)

5. What was your plea?  (Check one)
   (a) Not guilty  (xx)
   (b) Guilty  ( )
   (c) Nolo contendere  ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

~~(2) Nature of proceeding _____~~

~~(3) Grounds raised _____~~
~~_____~~
~~_____~~
~~_____~~
~~_____~~

~~(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )~~
~~(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?~~
~~(1) First petition, etc.    Yes ( ) No ( )~~
~~(2) Second petition, etc.   Yes ( ) No ( )~~
~~(3) Third petition, etc.    Yes ( ) No ( )~~
~~(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:~~
~~_____~~
~~_____~~
~~_____~~
~~_____~~

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, <u>you should raise in this motion all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do no check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.
    (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

6. Kind of trial: (check one)
   (a) Jury (XX)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( )   No (XX)

8. Did you appeal from the judgment of conviction? Yes (XX)   No ( )

9. If you did appeal, answer the following:
   (a) Name of court __United States Court of Appeals for the 5th Circuit__
   (b) Result __Affirmed__
   (c) Date of result __July 31, 2000__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes ( )   No (XX)

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court _____
        (2) Nature of proceeding _____
        (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____
        _____
        _____
        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )
        (5) Result _____
        (6) Date of result _____
    (b) As to any second petition, application or motion give the same information:
        (1) Name of court _____
        (2) Nature of proceeding _____
        (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____
        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )
        (5) Result _____
        (6) Date of result _____
    (c) As to any third petition, application or motion, give the same information:
        (1) Name of court _____

3

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.
 NOTE: If Petitioner asserts denial of effective assistance of counsel (ground "i"), he **must** describe with particularity the factual basis for his claim (e.g., lawyer failed to raise insanity defense), **and** he must describe the prejudice allegedly suffered as a result of the denial of effective assistance of counsel (e.g., convicted of crime that Petitioner lacked the mental capacity to commit).

A. Ground one: Sentence is unconstitutional because procedure authorized by Rule 32, FRCP, has been declared unconstitutional thereby making Rule ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~ law): 32, FRCP, unconstitutional.

FACTS: The procedure authorized by Rule 32 of the Federal Rules of Criminal Procedure, that of having a judge make a finding by the preponderance of the evidence standard, of facts used to apply to the U.S. Sentencing Guidelines, for the purpose of adding points to the total offense score beyond the point score for the base offense level found by a jury, to be unconstitutional, in that the procedure violated the Defendant's right to a jury trial.

B. Ground two: Sentence is unconstitutional because the facts used in USSG beyond the base offense level, were not found beyond a reasonable ~~Supporting FACTS XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~ law): doubt, denying the Defendant his right to a jury trial in violation of the Sixth Amendment.

FACTS: The term/facts of "federal crime of terrorism", 18 USC 2332b(g), and USSG 3A1.4(a); the instant offense involved conduct evidencing an intent to carry out the threat, and/or USSG § 2A6.1(b)(1); and the intended victims of the instant offense were government employees and members of their families and the offense of conviction was motivated by such status, and/or USSG § 3A1.2(a); are not in the Indictment, not presented to the jury and were not found by the jury beyond a reasonable doubt denying Defendant a right to a jury trial in violation of the Sixth Amendment.

C. **Ground three:** Sentence was obtained without authority/jurisdiction of the judge.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): The facts, "federal crime of terrorism", conduct evidencing an intent to carry out the threat, and the intended victims were government employees and members of their families and the offense of conviction was motivated by such status, were not in the Indictment, and not found by the jury beyond a reasonable doubt, thereby not giving the judge the authority/jurisdiction to sentence the Defendant for those facts.

D. **Ground four:** _____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C and D were not previously presented, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: None have been previously presented, but are now presented because of the U.S. Supreme Court ruling/decision in BLAKELY V. WASHINGTON, No. 02-1632, decided June 24, 2004.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack? Yes ( )  No (XXX)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing __Keith Ules__
    (b) At arraignment and plea __same__
    (c) At trial __same__
    (d) At sentencing __same__
    (e) On appeal __same__
    (f) In any post-conviction proceeding __n/a__
    (g) On appeal from any adverse ruling in a post-conviction proceeding __n/a__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes (XX)   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( )   No (XX)
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    (b) And give date and length of sentence to be served in the future: _____
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ( )   No ( )

   Wherefore, movant prays that the court grant him all relief to which he may be entitled in this proceeding.
   Signed at:
   ~~Executed~~ at __Texarkana, Bowie County, Texas__
                        City, County, State

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct., ~~Executed on~~ Signed on August 20, 2004
   under the laws of the United States of America,        (Date)
   28 USC 1746(1)

                                                   _Johnie Wise_
                                                   Signature of Movant

UNITED STATES DISTRICT COURT

BROWNSVILLE, TEXAS

| United States of America | ] | |
|---|---|---|
| vs. | ] | No. _____ |
| Johnie Wise | ] | (USDC No. B-98-415 |

MEMORANDUM IN SUPPORT OF MOTION TO VACATE,

SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

28 USC 2255

In light of BLAKELY v. WASHINGTON, No. 02-1632, decided June 24, 2004, and objections timely made regarding the enhancements for the petitioner in his original sentence, defendant/petitioner has new attacks on his sentencing, as well as a constitutional challenge to Rule 32 of the Federal Rules of Criminal Procedure authorizing the procedure that has been found to deny the Defendant/Petitioner his right to a trial by jury in violation of the Sixth Amendment.

The Petitioner appearing herein in his own proper person and respectfully moves this Court to vacate, set aside or correct sentence pursuant to **Title 28 United States Code, Section 2255 ¶ 6 (3) & (4),** which was imposed by this Court on February 5, 1999. Petitioner is presently incarcerated at the Federal Correctional Institution, P.O. Box 7000, Texarkana, Texas 75505.

DISCUSSION

Section 2255(3) states that defendants have a one-year limitation period to file a 28 U.S.C. 2255 Motion that runs from "the date on which the right asserted was initially recog-

nized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." The Petitioner relies on the Supreme Court's decision in BLAKELY v. WASHINGTON, No. 02-1632 (6/24/2004), where the Supreme Court which held that "the statutory maximum" for APPRENDI v. NEW JERSEY, 530 U.S. 466, 490 (2000), purposes is the maximum sentence a judge may impose soley on the basis of the facts reflected in the jury verdict or admitted by the defendant." It reiterated the link between the concept of legally essential facts and the verdict of the jury, stating, "When a judge inflicts punishment that the jury has not found all the facts 'which the law makes essential to punishment.'" BISHOP, Criminal Procedure § 87, page 55 (2nd Ed. 1872). Thus, according to 28 U.S.C. 2255(3) the Petitioner has one year from the date of the BLAKELY decision which was June 24, 2004, to file his § 2255(3) Motion. See UNITED STATES v. LOPEZ, 248 F.3d 427, 430 (CA5.2001). The BLAKELY decision results in a new interpretation of a criminal punishment statute which applies retroactively to cases on collateral review. See UNITED STATES v. LOPEZ, 248 F.3d at 430 (CA5.2001). See also UNITED STATES v. LLOYD, 188 F.3d 184, 187 (CA3.1999)(holding that although BAILEY v. UNITED STATES, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), was a case involving statutory interpretation, the petitioner had timely filed under § 2255(3) and stating "[t]hat the right is founded on statutory interpretation rather than on a new rule of constitutional law is of no moment for purposes of the limitation period under § 2255"); UNITED STATES v. VALDEZ, 195 F.3d 544, 546 (CA9.1999)(relying on the "plain language"

-2-

of adjective "constitutional" in an analogous limitations provision for state prisoners, § 2244(d)(1)(C); HAUGH v. BOOKER, 210 F.3d 1147, 1149 (CA10.2000)(stating that "[i]n BAILEY, the Supreme Court recognized ... a new right within the meaning of section 2255(3)')(citing LLOYD and VALDEZ).

Section 2255(4) states that defendants have a one-year limitations period to file a § 2255 Motion from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(4). See also, HASAN v. GALAZA, 254 F.3d 1150 1154 (CA9.2001). Thus, under Section 2255 ¶ 6 (3) & (4) Petitioner's BLAKELY Sixth Amendment claims and statutory claims are timely filed.


**GROUND ONE RESTATED:** Sentence is unconstitutional because procedure authorized by Rule 32 FRCP, has been declared unconstitutional thereby making Rule 32, FRCP, unconstitutional.

Rule 32(c)(1), Federal Rules of Criminal Procedure (FRCP) mandates the probation officer, who is an employee of the judicial branch of the government and works for the judge, to make a presentence investigation and submit the report to the court before the court imposes sentence.

Rule 32(d)(1)(D), FRCP, authorizes the probation officer to identify any factor (meaning facts) relevant to, the appropriate kind of sentence, or the appropriate sentence within the applicable sentencing range, from all the facts found by the probation officer during his investigation. All the facts found by the probation officer are facts the U.S. Attorney could not prove beyond a reasonable doubt at trial.

Rule 32(i)(1)(C), FRCP, authorizes the probation officer to make determinations, consisting of identifying the facts and then making a credibility call as to the truthfulness/ applicability of the fact(s) to the case, whether or not the said fact(s) was real or imaginary, provable or unprovable, personal knowledge or heresay. What "fact(s)" the probation officer puts in the Presentence Investigation Report (PSI) most of the time have nothing to do with reality but reverse engineering, making a determination of how bad the government wants to screw the Defendant and putting "facts" into the PSI and the equation to support the length of sentence already determined under the "who are truly deserving [of the length of sentence proposed]", SCHLUP v. DELO, 130 L.Ed.2d 808, 818 (1995) standard.

In the instant case, the Defendant was offered a Plea Bargain of 12 months, if he would plead guilty and implicate officers and people of the Republic of Texas and testify against the same, when I knew the officers and other people of the Republic of Texas, beside my co-defendant had nothing to do with the matter. While one co-defendant was found "not guilty" of all Counts in the Indictment, the Defendant/Petitioner was found "not guilty" of Count 1 - Conspiracy, and after the jury reported it was deadlocked and re-instructed by the judge, found the Petitioner guilty of Counts 5 and 6 of an 8 Count Indictment.

Rule 32(i)(3), FRCP - Court Determinations, authorizes the Court (meaning the judge) to make determinations as to undisputed facts used for sentencing.

Rule 32(k) - Judgment - The court/judge must set forth

among other things the sentence made under the facts in the PSI.

The Supreme Court ruled/decided in BLAKELY v. WASHINGTON, No. 02-1632 (June 24, 2004), that "the facts supporting petitioner's [enhanced] sentence were neither admitted by petitioner nor found by a jury, the sentence violated his Sixth Amendment right to trial by jury."

Obviously, before the court has jurisdiction of any criminal matter, the facts are required to be presented to a grand jury, an indictment (True Bill of Indictment) returned with those facts, unless waived, and the same facts presented to a petit jury and those facts found by a petit jury under the beyond a reasonable doubt standard or admitted to in a plea of "guilty."

BLAKELY applied the rule of APPRENDI v. NEW JERSEY, 530 U.S. 466, 490 that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the pre-scribed statutory maximum [U.S. Sentencing Guidelines] must be submitted to a jury, and proved beyond a reasonable doubt." Regardless of whether the judge's authority to impose the enhanced sentence depends on a judge's finding a specified fact, one of several specified facts, or any aggravating fact, it remains the case that the jury's verdict alone does not authorize the sentence, specifically the 292 month sentence in the instant case.

The precedents of the Supreme Court make clear, however, that the "statutory maximum" for APPRENDI purposes is the maximum sentence, from the USSG, a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the

-5-

defendants. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum sentence he may impose without **any additional findings.** When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," J. Bishop, CRIMINAL PROCEDURE, § 87, page 55 (2nd Ed. 1872), and the judge exceeds her proper authority/jurisdiction.

Because Petitioner's sentencing procedure did not comply with the Sixth Amendment, Petitioner's sentence is invalid.

This case is not about whether determinate sentencing (U.S. Sentencing Guidelines) is constitutional, only about how it can be implemented in a way that respects the Sixth Amendment. Remembering, the Sixth Amendment is not a limitation on judicial power, but a reservation of jury power. Because our Constitution and the common-law traditions it entrenches, however, do not admit the contention that facts are better discovered by judicial inquisition than by adversarial testing before a jury. See 3 Blackstone, Commentaries, 373-374, 379 - 381.

APPRENDI and now BLAKELY carry out the Sixth Amendment design by ensuring that the judge's authority to sentence derives wholly from the jury's verdict. Without that restriction, the jury would not exercise the control that the Framers intended.

**GROUND TWO RESTATED:** Sentence is unconstituional because the facts used in USSG beyond the base offense level, were not found beyond a reasonable doubt, denying Petitioner his right to a jury trial in violation of the Sixth Amendment.

The Defendant/Petitioner was convicted of threatening to use a weapon of mass destruction, 18 USC 2332a(a)(2) and (c)(2)(C), which is stated in the U.S. Sentencing Guidelines (USSG) at § 2A6.1 with the base offense level of 12 points for the scoring of the Base Offense Level.

The Defendant/Petitioner was **NOT** convicted of the "**federal crime of terrorism**" defined in 18 USC 2332b(g) and in the USSG § 3A1.4(a) which raises the offense scoring points by 12 points and if the resulting offense scoring level is less than 32, increase to level 32, and take the Criminal History to Category VI, the highest level of Criminal History and the subsequent highest points for the USSG.

The Defendant/Petitioner was also **NOT** convicted of "conduct evidencing an intent to carry out the threat," lacking any citation in the Federal Crimes and Criminal Procedure, Title 18 United States Code (USC) but does find a specific mention in the USSG § 2A6.1(b)(1) with a six (6) point increase in the scoring of the offense scoring points.

The phrase "conduct evidencing an intent to carry out the threat" is not found in the Indictment, nor the jury instructions, and more important and most assuredly not in the verdict of the jury.

The Defendant/Petitioner was also **NOT** convicted of "the intended victims of the instant offense were government employees and members of their families and the offense of conviction was motivated by such status," lacking any citation in the Federal Criminal Code, Title 18 USC, but does find a reference

in the USSG § 3A1.2(a) with a three (3) point increase in the scoring of the offense scoring points.

The above facts were not found beyond a reasonable doubt by the jury, violating the Defendant/Petitioner's right to a jury trial guaranteed by the Sixth Amendment.

Petitioner incorporates and restates all the text of the argument for Ground One as if fully restated herein.

**GROUND THREE RESTATED:** **The facts, "federal crime of terrorism," conduct evidencing an intent to carry out the threat, and the intended victims were government employees and members of their families and the offense of conviction was motivated by such status, were not in the Indictment, and not found by the jury beyond a reasonable doubt, thereby not giving the judge the authority/jurisdiction to sentence the Defendant for those facts.**

The Defendant/Petitioner posits that the judge issued the sentence without authority/jurisdiction of the facts used to apply to the U.S. Sentencing Guidelines (USSG) for the purpose of adding points to the Total Offense Level with the end result of increasing the amount of incarceration from the Base Offense Level. In the instant case, taking the incarceration from ten (10) to sixteen (16) months to 292 months.

The Supreme Court in SCHRIRO v. SUMMERLIN, No. 03-526 (June 24, 2004) stated:

> "In APPRENDI [APPRENDI v. NEW JERSEY, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435(2000)] we interpret the constit-utional due-process [5th and 14th Amendments] and jury trial [Sixth Amendment] guarantees to require that '[o]ther than the fact of a prior conviction, any fact [not necessarily only elements of the base offense] that increases the penalty for a crime beyond the prescribed statutory maximum [base offense level in the USSG][see BLAKELY] must be submitted to a jury, and proved beyond a reasonable doubt."

-8-

And as Justice Scalia with whom Justice Thomas joins, concurring in <u>RING v. ARIZONA</u>, 536 U.S. 584 (2002) at page 610 states:

> "On the other hand, as I wrote in my dissent in <u>ALMENDAREZ-TORRES v. U.S.</u>, 523 U.S. 224, 248 (1998), and as I reaffirmed by joining the opinion of the court in <u>APPRENDI</u>, I believe that the fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives - whether the statute calls them elements of the offense, sentencing factors, or Mary Jane - must be found by the jury beyond a reasonable doubt."

meaning that all facts essential to imposition of the level of punishment the defendant receives, elements of the offense, sentencing factors, or "Mary Jane" must be in the Indictment, presented to a jury, and found by the jury beyond a reasonable doubt or plead guilty to before the judge has authority/jurisdiction to impose a sentence based on any such facts, elements, sentencing factors, or "Mary Jane". See <u>BLAKELY</u>.

As <u>BLAKELY</u> states, "Because the [Petitioner's] sentencing procedure did not comply with the [Fifth, and 14th Amendment and the] Sixth Amendment, petitioner's sentence is invalid." (cites omitted).

The due process guaranteed by the Fifth and Fourteenth Amendments and the trial by jury guaranteed by the Sixth Amendment, taken together, that entitles a criminal defendant to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt, was stated in 1970 in <u>IN RE WINSHIP</u>, 397 U.S. 358, 364(1970).

The constitutional guarantees continued in <u>UNITED STATES v. GAUDIN</u>, 515 U.S. 506, 510 (1995); <u>SULLIVAN v. LOUISIANA</u>, 508 U.S. 275, 278 (1993); <u>JONES v. UNITED STATES</u>, 526 U.S. 227 (1999); <u>APPRENDI v. NEW JERSEY</u>, 530 U.S. 466 (2000); and now

-9-

BLAKELY v. WASHINGTON, No. 02-1632, decided June 24, 2004, while continuing the long line of cases about due process and trial by jury rights guaranteed by the Constitution, also defined the term, "statutory maximum" as the maximum amount of incarceration from the USSG a defendant could be sentenced from facts found by a jury beyond a reasonable doubt or to which the defendant pled guilty.

Their collective rationale suuports the reasoning of BLAKELY and it's prodigy.

"The failure of a court to follow certain procedures in it's handling and disposition of a case can lead to the voiding of convictions." 21 AmJur 2d, p. 513, Criminal Law § 483.

## CONCLUSION

Due to the violations of constitutional guarantees the Petitioner/Defendant is entitled to enjoy as an American person, the Petitioner/Defendant needs and demands to be resentenced to the correct amount of time for the offense of conviction and any other facts, sentencing factors, elements, or "Mary Jane" found by the jury beyond a reasonable doubt.

Respectfully

*/s/ Johnnie Wise*
Johnnie Wise, 82281-079
P.O. Box 7000
Texarkana, Texas  75505

## CERTIFICATE OF SERVICE

I certify I have placed a copy of the above **MEMORANDUM** in the U.S. Mail with sufficient postage prepaid on the 23 day of August, 2004, addressed as below:

U.S. Attorney
600 E. Harrison
Brownsville, Texas 78520

_____
Johnie Wise