UNITED STATES DISTRICT COURT

BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas
FILED

DEC 1 4 2004

Michael N. Milby
Clerk of Court

JOHNIE WISE              ]
                         ]
v.                       ]    C.A. No. B-04-153
                         ]
UNITED STATES OF AMERICA ]    Dated: December 9, 2004

### TRAVERSE TO GOVERNMENT'S RESPONSE TO 2255 MOTION

Johnie Wise, as a non-14th American national free-will sovereign, with unlimited commercial liability hereby submits the following as his traverse to the government's response to his 2255 Motion, and would show the Court the following:

While the government goes to great length to recite facts that have already been proven to be lies, it is noted that no mention is made by the government of the fact, the government's confidential informant, liar and wannabe law officer Jonathan Cain, actually changed the message given by Johnie Wise and Mr. Grebe, to be sent on the computer, without notice or authorization by Johnie Wise or Mr. Grebe.

While Johnie Wise does NOT concede any point raised by the government, Johnie Wise is also demanding under Rule 201(d), Federal Rules of Evidence, for this Court to take Judicial Notice of the Admission by Party Opponent, Rule 801(d)(2) of the facts and argument as put forth by Johnie Wise in his 2255 Motion and is unrebutted to the present time by the government.

The government only mentioned BLAKELY v. WASHINGTON, 124 S.Ct. 2531 (2004) and provided no argument, thereby conceding the arguments made by JOhnie Wise are correct and actually agreeing

with Johnie Wise by their silence.

The government goes to great lengths to not respond to the three ground as laid out in the 2255 Motion, completely ignoring current Fifth Circuit case law as stated in U.S. v. LANKFORD, 196 F.3d 563 (CA5.1999):

> "Although challenges based on the failure to charge an offense [for which the Defendant, Johnie Wise, is sentenced] may be made at any time, if made for the first time on appeal, a court should read the indictment with 'maximum liberality' and find it sufficient 'unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted [much less for a sentence for something the defendant is not convicted but sentenced]."

It is noted, the defendant was not found by the grand or petit jury to have been charged with or to have committed the offense of "federal crime of terrorism" but was sentenced for a "federal crime of terrorism", showing the judge lacked jurisdiction for the sentence portion pertaining to "federal crime of terrorism."

The indictment is the charging instrument giving the Court jurisdiction of the matters contained therein. Any item, fact, or charge not in the indictment, the court lacks jurisdiction to hear and act upon, and if the Court lacks jurisdiction so does the judge of the Court.

The instant Indictment **DOES NOT CONTAIN**, the words, "federal crime of terrorism" nor any references to Title 18 USC § 2332b(g), nor USSG 3A1.4(a) among others without restating them all, as stated in the original 2255 Motion. And the petit jury **MADE NO FINDING OF GUILT**, on a "federal crime of terrorism" thereby depriving the judge of authority to sentence Johnie Wise on an offense of a "federal crime of terrorism."

Johnie Wise reminds this Court, the Supreme Court of the United States has this very question under review in two pending cases: U.S. v. BOOKER, No. 04-104, and U.S. v. FANFAN, No. 04-105, and Johnie Wise expects the Supreme Court to dictate the same reasoning as Johnie Wise to the effect that the enhancement, "federal crime of terrorism" is required to be removed from the sentencing calculations of the sentence for Johnie Wise.

THEREFORE, because of the lack of jurisdiction of the trial court over matters placed in the PSI and for which Johnie Wise received additional incarceration time, the Court should resentence Johnie Wise to only the amount of time for what charges were in the Indictment, and found by the petit jury, which would call for the immediate release of Johnie Wise.

Respectfully

Johnie Wise, 82281-079
P.O. Box 7000 G
Texarkana, Texas 75505

CERTIFICATE OF SERVICE

I certify I have placed a copy of the above TRAVERSE... in the U.S. Mail, with sufficient postage prepaid on the ___ day of December, 2004, addressed as below:

U.S. Attorney
600 E. Harrision
Brownsville, Texas 78520

Johnie Wise